# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>M.C. WHITMAN, Corrections Counselor; G.J. JANDA, Chief Deputy Warden; M.E. BOURLAND, Chief Deputy Warden; T. OCHOA, Chief Deputy Warden; C. BUTLER, Captain; W.C. ROBERTS, Captain; F. RUTLEDGE, Sergeant; CALIFORNIA DEPARTMENT OF CORRECTIONS, a public entity; ET ALIA UNIDENTIFIED DEFENDANTS,<br><br>　　　　　Defendants. | Civil No.06cv2447 LAB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 52] |

　　David Raymond Andrews (Plaintiff), a California prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. §§ 1983 and 1985 against officials at Calipatria State Prison in which he alleges that various defendants violated his constitutional rights.  On August 16, 2007 the undersigned issued a Report and Recommendation (R&R) on Defendants' motion to dismiss the complaint, and now the motion to dismiss awaits final adjudication by the district judge. More recently, Plaintiff, in conjunction with some other filings, filed an ex parte application for a remedial sanction. [Doc. No. 52.]  On page 6 of that application Plaintiff requests the appointment of counsel.  The undersigned will address *only* the request for appointment of counsel, while the district judge will address all other issues Plaintiff raises in his application.

In Plaintiff's application, he alleges that his legal materials have been stolen, which has prevented him from filing objections to the R&R. The Court construes Plaintiff's request for appointment of counsel to be based on Plaintiff's desire to recover his legal materials and file objections to the R&R.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is at the district court's discretion, and requires the court to make a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). Such a finding "requires an evaluation of both the 'likelihood of success on the merits [and] the ability of the petitioner to articulate [his/her] claims *pro se* in light of the complexity of the legal issues involved.'" *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these issues is dispositive, and both should be viewed together before reaching a decision. *Id*.

Based on the current record the Court has no reason to believe that Plaintiff is incapable of having a sufficient grasp of his case or the legal issues involved, or that Plaintiff might not be able to adequately articulate and communicate the basis of his claims. Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

Accordingly, the Court **ORDERS** that Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: November 20, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge