1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  DAVID RAYMOND ANDREWS,
    CDC #t-67625,
12
                                    Plaintiff,
13          vs.
14
15
16  M.C. WHITMAN; G.J. JANDA; M.E.
    BOURLAND; T. OCHOA; C. BUTLER;
17  W.C. ROBERTS; F. RUTLEDGE;
    CALIFORNIA DEPARTMENT OF
18  CORRECTIONS,
19                                  Defendants.

CASE NO. 06-cv-2447-LAB (NLS)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMEDIAL SANCTIONS; AND**

**ORDER STRIKING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER OF DECEMBER 19, 2007**

[Dkt. Nos. 58, 61.]

20        Plaintiff filed a request for leave to file a supplemental document [docket no. 49], and

21  a request for sanctions [docket no. 52]. These were accepted by discrepancy orders and

22  filed *nunc pro tunc* to October 11, 2007 and September 27, 2007, respectively. He

23  supplemented these with declarations filed on November 28 and December 10, 2007,

24  respectively.

25        The Court on December 19, 2007 issued an order granting in part and denying in part

26  these requests. This order extended the time for Plaintiff to file his objections to the report

27  and recommendation (the "R&R") until January 25, 2008. This order also required

28  Defendants to file a pleading explaining what they knew of what had become of Plaintiff's

06CV2447

legal papers, and whether they could restore Plaintiff's papers to him. Defendants discharged this order on January 8, 2008 by filing a response (the "Response") supported by four declarations.

On January 3, 2008, the Court received an additional motion for remedial sanctions (the "Renewed Motion"), which was accepted by discrepancy order and filed *nunc pro tunc* to December 20, 2007. The Renewed Motion sought essentially the same relief on essentially the same basis as the two pleadings the Court had just ruled on on December 19. Then on January 14, Plaintiff without leave filed an objection to the Court's order of December 19 (the "Objection").

Plaintiff's Objection requests that the Court reconsider its order. Plaintiff argues the Court erred by failing to realize Defendants had deprived him of the legal papers he needed in order to file objections to the report and recommendation (the "R&R"), and stated he because he lacked these papers he could not possibly file objections by January 25, 2008 as ordered. In essence, Plaintiff contends the Court's ruling of December 19, 2007 was in error. The Court therefore construes this pleading as a motion for reconsideration.

The Court's standing order forbids parties to file motions for reconsideration without leave, and requires parties wishing to seek reconsideration to explain the basis for their request in an *ex parte* application accompanied by a declaration. Even if the Court construes the Objection as including an *ex parte* request, the request would be denied. Plaintiff merely disagrees with the Court's earlier ruling and does not point to any clear error. In the Objection itself, Plaintiff states he is filing the Objection to preserve error for appeal. This is not necessary, however. The Court therefore **ORDERS** the objection [docket no. 61] stricken. The Clerk shall remove this item from the docket.

In his various pleadings, Plaintiff asserts Defendants stole his legal papers. He does not explain the basis for his knowledge, however, and it is not at all apparent from his pleading Plaintiff has any knowledge of how his papers were lost or taken, or who lost or took them. Moreover, in support of his requests, Plaintiff has attached copies of his appeal form complaining of the loss of his property. In that form, he does not accuse anyone of

1    taking his property, nor does he appear to have any information about who may have lost

2    or taken his property.

3         In the declarations submitted in support of the Response, Defendants make clear

4    prison personnel twice attempted to deliver a box of Plaintiff's belongings to him, but he

5    twice refused to accept delivery, contending some of his property was missing. The box was

6    apparently disposed of after the second attempt.

7         Even assuming prison officers were responsible for the loss of Plaintiff's papers, it is

8    not clear Plaintiff's papers were taken in order to prevent him from seeking legal or

9    administrative redress for wrongs he suffered, or in order to retaliate against him for seeking

10   redress, rather than negligently lost or misdirected. More importantly, there is no reason to

11   conclude Defendants, as opposed to some other unknown prison officials, were in any way

12   connected with the disappearance of Plaintiff's papers. The declarations submitted in

13   support of the Response explain a variety of prison personnel are involved in the process

14   of transferring inmates' property from one prison to another. The Court therefore finds no

15   basis on which to impose sanctions on Defendants.

16        The Response explains that prison officials have restored all Plaintiff's property to him

17   that they have. It thus seems the lost legal papers are unlikely to reappear. Plaintiff has

18   stated he has lost his copies of docket items 1 through 36, notes and copies of legal

19   opinions, other documents bearing no apparent relation to the R&R or to this case, reference

20   materials, and blank paper. Plaintiff may require access to some of these materials in order

21   to file objections to the R&R, but not all.

22        The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Renewed Motion.

23   In its order of December 19, the Court directed the Clerk to send Plaintiff a copy of the R&R.

24   In order to enable Plaintiff to file objections to the R&R, the Court **ORDERS** Defendants'

25   counsel to send copies of the following docket items to Plaintiff no later than Friday, January

26   25, 2008: docket no. 1 (Complaint, without exhibits); docket no. 17 (Defendants' Motion to

27   Dismiss); docket no. 24 (Plaintiff's Motion to Strike Defendants' Motion to Dismiss), docket

28   no. 25 (Defendants' Reply to No. 24), and docket no. 36 (Plaintiff's Memorandum in

1  Opposition to Defendants' Motion to Dismiss).  In lieu of sending copies of these items,

2  Defendants' counsel may, subject to the same time limits, arrange through the litigation

3  coordinator for Plaintiff to have access to these items in the prison library.

4       In order to permit Plaintiff sufficient time to research and file his objections to the

5  R&R, the date by which Plaintiff must file any objections to the R&R is hereby **EXTENDED**

6  to **Monday, February 25, 2008.**  The remaining requests in Plaintiff's Renewed Motion are

7  **DENIED**.

8

9       **IT IS SO ORDERED**.

10  DATED:  January 16, 2008

11

12  **HONORABLE LARRY ALAN BURNS**
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06CV2447