# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS, CDC #t-67625,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>M.C. WHITMAN; G.J. JANDA; M.E. BOURLAND; T. OCHOA; C. BUTLER; W.C. ROBERTS; F. RUTLEDGE; CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　　Defendants. | CASE NO. 06-2447-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Dkt. no. 64] |

On October 17, 2007, Plaintiff filed a motion for leave to amend his complaint to add new claims against new defendants for retaliation against him for having brought this suit. The alleged retaliation consisted of a transfer and confiscation of certain legal documents.

Plaintiff amended his motion three more times, concluding with a declaration filed *nunc pro tunc* to December 11, 2007. The pleadings make clear the alleged acts of retaliation were committed by persons who are not now defendants.

On December 19, 2007, the Court granted in part and denied in part Plaintiff's motion. Defendants were ordered to explain whether they were able to return Plaintiff's lost legal papers to him, but the remainder of Plaintiff's requests were denied.

Plaintiff moved a second time, by a pleading filed *nunc pro tunc* to December 20, 2007 (likely before receiving the Court's order of the previous day).  On January 14, 2008, Plaintiff submitted a document identified as an objection to the Court's order of December 17, 2007.  The Court denied Plaintiff's request for sanctions but ordered that copies of certain docket items Plaintiff reported were confiscated be sent to him, and granted him additional time to object to the Report and Recommendation issued August 16, 2007. In the same order, the Court construed Plaintiff's objection as a motion for reconsideration and rejected it for failure to first obtain leave as required under the Court's standing order, ¶ 4(j).

On February 15, 2008, Plaintiff filed a pleading styled "Plaintiff's Corrected Ex Parte Application for Leave to Supplement the Complaint," (the "Motion for Leave").  Because the Motion for Leave seeks reconsideration of the Court's order of December 19, 2007 (Motion for Leave at 3) and cites the stricken pleading (which objected to the same order), the Court construes as an application for leave to file a motion for reconsideration of the Court's order of December 19, 2007.

Plaintiff cites no new evidence or change in the law.  The leading case he cites is *Jones v. Bock*, which held that prisoners bringing § 1983 actions need not plead exhaustion of administrative remedies, which should be treated as an affirmative defense.  127 S.Ct. 910, 918–21 (2007).  This same opinion, however, explains why Plaintiff's efforts to amend his complaint would be futile.

*Jones* dealt with dismissal of petitions after the mandatory screening required under 28 U.S.C. § 1915A, because the petitioners had failed to plead exhaustion, which under 42 U.S.C. § 1915e(a) is required before filing suit.  In other words, the petitioners there may or may not have exhausted their administrative remedies before filing suit, as required, but the complaint contained no allegation that they did so.

In this case, by contrast, Plaintiff seeks leave to amend his complaint to add new claims against new parties based on events that occurred after Plaintiff filed suit.  Taking Plaintiff's allegations as true, Plaintiff's own pleadings establish he did not exhaust administrative remedies before filing suit.  Although failure to exhaust is an affirmative

defense, a federal court conducting the mandatory screening of a complaint must dismiss a complaint (or a portion thereof) if an affirmative defense is evident on the face of the complaint. 127 S.Ct. at 920–21 (citing authorities). As the Supreme Court explained, failure to exhaust is an affirmative defense that may sometimes be established by facts pleaded in the complaint. *Id.* at 921 ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground . . . .") Plaintiff has bolstered his allegations by attaching documents to his Motion for Leave showing he did not begin to exhaust his administrative remedies until May 23, 2007, over six months after filing suit.

Here, failure to exhaust administrative remedies is established by Plaintiff's own allegations. Even if the Court were to permit Plaintiff to amend his complaint to add these new claims, they would immediately be subject to dismissal, either on motion or *sua sponte* when the Court screened the amended complaint.

Permitting the proposed amendment would thus be futile. While Fed. R. Civ. P. 15 provides that, ordinarily, leave to amend should be freely given, "[a] trial court may deny such a motion if permitting amendment would . . . result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Furthermore, "futile amendments should not be permitted." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). *See also Lacio v. Cal. Dept. of Corrections*, 2007 WL 120037, slip op. at *3 (E.D.Cal., Jan. 11, 2007) (cautioning plaintiff, if he chose to amend his complaint, to "refrain from including violations that arose after he filed this action for they cannot meet the requirement that the claims have been exhausted prior to filing").

While the claims Plaintiff seeks to add are superficially similar to his original claims in that they allege different kinds of retaliatory or abusive acts by prison personnel, the allegations establish they are different occurrences with no direct connection, and the alleged acts of malfeasance were committed by different personnel at different times. The Federal Rules of Civil Procedure do not permit a plaintiff to bring unrelated claims against different defendants in the same action. *See, e.g., Johnson v. Contra Costa County*, 2008

1 | WL 413759, slip op. at *1 (N.D.Cal., Feb. 13, 2008) (finding plaintiff's attempted joinder of
2 | new defendants for claims arising out of unrelated events was improper).
3 |     Finally, Plaintiff's request for reconsideration fails to comply with Civil Local Rule
4 | 7.1(I), which governs motions for reconsideration, although the Court will not rely on this as
5 | a basis for denial.
6 |     Plaintiff's Motion for Leave is therefore **DENIED**.
7 |
8 |     **IT IS SO ORDERED**.
9 | DATED: February 20, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge