# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS, CDC #t-67625,<br><br>Plaintiff,<br><br>vs.<br><br>M.C. WHITMAN; G.J. JANDA; M.E. BOURLAND; T. OCHOA; C. BUTLER; W.C. ROBERTS; F. RUTLEDGE; CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CASE NO. 06cv2447-LAB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; AND**<br><br>**ORDER AMENDING ORDERS ISSUED FEBRUARY 21, 2008 AND MARCH 18, 2008**<br><br>[Docket nos. 17, 19, 20, 24, 64] |

Plaintiff, a prisoner proceeding *pro se*, brought claims under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his rights to equal protection, due process, freedom from retaliation for exercising his First Amendment rights, and freedom from cruel and unusual punishment. This matter was referred to Magistrate Judge Nita L. Stormes for report and recommendation pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). Defendants filed a non-enumerated motion under Fed. R. Civ. P. 12(b) seeking an order dismissing the complaint, granting judicial notice of certain facts, and charging Plaintiff with a strike under 28 U.S.C. § 1915(g). Defendants asserted various grounds for dismissal, including failure

///

to exhaust, failure to state a claim, and qualified immunity. Following briefing, Judge Stormes issued her report and recommendation (the "R&R").

The R&R notified Plaintiff of his right to object, and cautioned him that failure to object within the time permitted might waive his appellate rights. On March 18, 2008, the Court issued an order [Docket no. 69] adopting the R&R as modified. That order is now **WITHDRAWN** and this order is substituted in its place. The Clerk is directed to remove the order issued March 18, 2008 from the docket.

## I.     Legal Standards

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1). A party objecting to the recommended disposition of the matter may "serve and file specific objections to the proposed findings and recommendations," and "a party may respond to another party's objections." Rule 72(b). "[T]he court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.")

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). In ruling on a motion to dismiss for failure to state a claim, however, the Court accepts factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

/ / /

/ / /

## II. Plaintiff's Objections

Plaintiff filed his objections ("Objections") on February 22, 2008 and the same day filed an *ex parte* application (the "Application") for leave to amend his complaint. Defendants also filed objections, and also replied to Plaintiff's objections, arguing he should not be given leave to amend his complaint. Defendants requested that, if the Court were inclined to grant Plaintiff's request for leave to amend, the Court hold a hearing to allow them to present their arguments.

The R&R recommended denial of Defendants' motion in most respects, except that it recommended dismissal of Plaintiff's due process and equal protection claims with leave to amend. Plaintiff's Objections are generalized, setting forth his understanding of the facts and the requesting leave to amend the complaint to better explain his position. In his Application, Plaintiff concedes he has not adequately pleaded his due process and equal protection claims. In essence, Plaintiff's Objections explain what he intends to include in his amended complaint.

## III. Defendants' Objections

Defendants have filed extensive Objections addressing the exhaustion issue as well as inadequacy of the pleadings. Defendants' Objections argue that, regardless of whether Plaintiff exhausted his claims against Officer Galban, whom he alleges assaulted him, he has not exhausted his claims against the Defendants in this case. Plaintiff did not name Galban as a Defendant in this case, but rather is suing other prison officials.

### A. Eighth Amendment Claim

Defendants argue Plaintiff did not include Galban's alleged misconduct as part of his Eighth Amendment claim. (Ds.' Obj. to R&R at 1:11–13.) While technically accurate, this is incomplete. Though Plaintiff did not name Galban as a Defendant and does not seek to hold Galban liable for the assault Galban allegedly committed, he does name certain guards, whose names he does not know, as "Doe" Defendants.[1] (Compl. at 7, 19.) Plaintiff alleges

---

[1] There is no showing whether discovery might uncover the identity of the Doe Defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (explaining that ordinarily a plaintiff will be given an opportunity to discover the identity of a Doe

these Doe Defendants are members of the "Green Wall" prison guard gang, and conspired together to arrange for assaults on him and other prisoners by their fellow inmates. (*Id.*) He alleges Galban's assault on him resulted from this conspiracy. (*Id.*)

The R&R did not directly address the adequacy of Plaintiff's pleading of his Eighth Amendment claim against the Doe Defendants. However, § 1983 plaintiffs must plead conspiracy claims with enough specificity to put defendants on notice of claims against them. *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989).

At present, Plaintiff has not identified any participants, nor has he alleged any specific facts other than the existence of the Green Wall gang and Galban's assault on him. The Green Wall Gang's alleged wrongdoing consists of striking out indirectly at inmates by arranging for inmates to attack each other. (Compl. at 7 ("Guards conspire amongst themselves and organize stabbings and assaults of selected prisoners by inmates."), 19 (" . . . using their positions as corrections officers to organize assaults and stabbings of prisoners by inmates . . .").) He alleges as a result of this conspiracy he was attacked in August of 2003 by unidentified assailants, suffering a broken hand and two stab wounds, (*id.*), an attack for which he makes no claim in this action. There is no allegation who conspired nor does Plaintiff allege how the conspiracy resulted in Officer Galban's attack, except that he seems to allege Galban assaulted him in order to prevent him from complaining about the Green Wall gang's practices. (*Id.* ("Sergeant Galban['s] sexual abuse and threat was perpetrated in B-5 housing unit and was precipitated by Plaintiff['s] stated awareness of guards' efforts to get him. Plaintiff was silenced on that night.") If Plaintiff believed Galban were a member of the gang or participating in the gang's conspiracy, he has not alleged this. (*See id.* at 19 (alleging the gang consisted of "the Defendants *et alia* hitherto unidentified . . . .")) Therefore, no Defendant or potential Defendant has been given adequate notice of the claims against them. *See* Fed. R. Civ. P. 8. Because this is Plaintiff's first notice of the inadequacy of this pleading, he will be given opportunity to amend.

/ / /

defendant whose identity is unknown at the time the complaint is filed, unless the complaint would be dismissed on other grounds).

1    Defendants also object to the R&R's recommendation that Plaintiff's claim against
2 Defendants for failing to protect him from further attacks should be dismissed. The R&R in
3 part interprets this claim as referring to actions the Defendants took immediately following
4 the alleged assault, when he says they failed to take action to bring Galban to justice or to
5 adequately protect him, as well as the next year, when they transferred him back into the
6 general population where he had been attacked. (R&R at 9:18–10:12.)

7    Plaintiff was moved into administrative segregation the day after the alleged attack
8 and was returned to the general population a year later. Defendants correctly point out that
9 Plaintiff has not alleged there was any reason to think he was at further risk while removed
10 from the general population, or when he was transferred back a year after the attack. (Ds.'
11 Obj. to R&R at 12:1–10.) *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that
12 an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm
13 requires a showing that an official both was aware of facts from which such a risk could be
14 inferred, and actually drew that inference). Plaintiff has alleged no facts showing there was
15 any substantial risk after the attack, or that he was attacked again or suffered other harm,
16 nor has he alleged facts showing Defendants actually inferred he was at further risk.

17    Defendants' Objections are therefore **SUSTAINED**, and Plaintiff's Eighth Amendment
18 claims will be dismissed. As noted in this opinion, certain of his Eighth Amendment claims
19 are being dismissed with prejudice. The remainder, however, will be dismissed without
20 prejudice and with leave to amend.

21    **B.    Retaliation Claim**

22    Plaintiff has alleged Defendants retaliated against him for attempting to exhaust his
23 administrative remedies against Galban by manufacturing false disciplinary charges against
24 him, resulting in his confinement in administrative segregation. The R&R recommended
25 denying Defendants' motion to dismiss.

26    Defendants object that Plaintiff has failed to show his disciplinary conviction was
27 invalid and therefore *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See also Edwards*
28 *v. Balisok*, 520 U.S. 641, 648 (1997). Because Defendants have not yet filed and answer

and did not raise this issue in their motion to dismiss, their Objections to the R&R gave Plaintiff his first notice Defendants would rely on this defense.

Defendants also argue Plaintiff has failed to allege the absence of probable cause. *Hartman v. Moore*, 547 U.S. 250 (2006) (requiring defendants pursuing claims for retaliatory prosecution to plead and prove lack of probable cause as an element of the claim). The Court **SUSTAINS** this objection, which shows Plaintiff has failed to state a claim. For this reason, Plaintiff's First Amendment claim will be dismissed with leave to amend. If he amends this claim, he should address these two issues.

### C. Exhaustion

Exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The CDCR has an administrative grievance system for prisoner complaints. 15 Cal. Code Regs. § 3084.1. The process is initiated by submitting a CDCR Form 602. *Id*. at § 3084.2(a). Four levels of appeal are involved: an informal level, first formal level, second formal level, and third formal level or "Director's Level." *Id*. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id*. at §§ 3084.5, 3084.6(c). In order to satisfy 42 U.S.C. § 1997e(a)'s exhaustion requirement, California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382–83 (2006).

#### 1. Whether Exhaustion Was Temporally Possible

Defendants argue Plaintiff has identified two sets of facts out of which claims might arguably arise: an Eighth Amendment claim based on the alleged assault itself, and due process, equal protection, and retaliation claims arising out of prison officials' failure to follow through properly after the assault occurred. Operating under the assumption that the Eighth Amendment claim is completely separate, Defendants contend Plaintiff has only arguably exhausted his claim arising from Galban's alleged assault, and not any claims arising out of prison officials' denial of his other rights in the wake of the alleged assault.

1    Plaintiff alleges he handed Defendant Rutledge a complaint (the "602 Complaint") hand-written on CDCR forms 1858 and 602, (Compl. at 9), and submits a declaration so stating. (Decl. in Supp. of Compl. at ¶ 7.) His declaration states this complaint recounted the alleged assault by Galban. (*Id.*) While he says he later wrote to the Director of the Department of Corrections recounting all the events in his complaint (*id.*, ¶ 7), Defendants correctly point out his 602 Complaint could not have mentioned all these events. (Ds.' Obj. to R&R at 4:12–15.) Plaintiff states he gave the 602 Complaint to Rutledge on October 18, 2005. (Compl. at 9; Decl. in Supp. of Compl., ¶ 6.) Certain events alleged in the complaint occurred before October 18, 2005 and therefore could have been mentioned in this complaint, but a significant number did not, nor were they part of the same ongoing pattern of abuse.

The 602 Complaint allegedly initiated Plaintiff's last attempt at the first formal level to exhaust his administrative remedies. While Defendants do not acknowledge Defendant Rutledge received the 602 Complaint, they do present evidence they received no complaints or appeals after this. (Decls. of N. Grannis and D. Edwards in Supp. of Mot. to Dismiss.)

Plaintiff's claims that certain Defendants transferred him back into the general prison population in 2006 do not appear to be exhausted. Plaintiff's 602 Complaint could not have exhausted these claims, which arose long after he says he submitted it. While they are indirectly related to events occurring before October 18, 2005, the relationship is so attenuated as to form a separate claim. Regardless of any administrative remedies Plaintiff pursued as regards events occurring in connection with the alleged assault, the officials' decision to transfer him back into the general population was a separate event. Even if Plaintiff's 602 Complaint afforded prison officials an opportunity to address complaints related to the alleged assault and initial failure to respond, Plaintiff never attempted to exhaust his claims as to these later events. His claims arising out of the transfer back into the general population in 2006 will therefore be dismissed for failure to exhaust. Because it is clear he cannot exhaust them at this point, he will not be given leave to amend.

///

Two other claims, against Defendant Bourland for intercepting mail (Compl. at 14) and against the California Department of Corrections and Rehabilitation ("CDCR") for initiating procedures Plaintiff characterizes as torture, beginning around January, 2006 (*id.* at 18), are also occurred later and are unrelated to the potentially exhausted claims. Because Defendant Bourland has not been served and is not a party to this motion, claims against him will be addressed in a separate order. Claims against the CDCR will be dismissed on sovereign immunity grounds, as noted below.

### 2.     Whether Plaintiff Exhausted His Administrative Remedies

Defendants make several objections in support of their argument that, even to the extent Plaintiff could have exhausted his administrative remedies, he did not do so.

Defendants question the R&R's recommended holding that "an inmate need not name defendants in a complaint [but] must only complete the form and follow the steps of the administrative process." (Ds.' Obj. to R&R at 3:15–18 (citing R&R, n.4 and *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005)).) Defendants question whether this is applicable outside the Americans with Disabilities Act context. This Court holds it is applicable to appeals in cases where, as here, the CDCR-602 form is to be used to submit inmate complaints, because this form does not require inmates to name all parties. *Lewis v. Mitchell*, 416 F. Supp.2d 935, 941 (S.D.Cal. 2005). *See also Jones v. Bock*, 127 S.Ct. 910, 923 (holding that exhaustion is not *per se* inadequate simply because a defendant was not named in the administrative grievance, and that the level of detail required by the prison's grievance procedures "define the boundaries of proper exhaustion").

The R&R found that, although Defendants had submitted affidavits showing Plaintiff had not submitted a second- or third-level appeal (R&R at 6:22–7:2), this was insufficient to show Plaintiff did not exhaust his appeals. (*Id.* at 7:23–24.) The R&R noted Defendants had failed to explain how, if no appeals were submitted, Lieutenant Stratton could have investigated Plaintiff's complaint on December 14, 2005. (*Id.* at 7:11–13.)

The R&R also noted Defendants failed to submit any evidence related to Plaintiff's 602 Complaint, such as a copy of the 602 Complaint or an affidavit from Officer Rutledge

1 showing whether he received or processed the 602 Complaint from Plaintiff on October 18,
2 2005. (*Id.* at 7:7–11.)  Plaintiff has submitted a declaration stating he gave his 602
3 Complaint to Defendant Rutledge on October 18, 2007 identifying Galban as having
4 assaulted him, but his complaint was never processed. (Decl. in Supp. of Compl., at ¶ 6.)
5 Defendants agree the alleged 602 Complaint was never processed.  Plaintiff did not say
6 whether his 602 Complaint also complained about Defendants' actions in the wake of the
7 alleged assault.  For their part, Defendants have submitted no evidence to refute this even
8 though they bear the burden of proving non-exhaustion.

9 When official action ends a prisoner's administrative appeal rights, the Ninth Circuit
10 has held administrative remedies are no longer "available." *O'Guinn v. Lovelock Correctional*
11 *Center*, 502 F.3d 1056, 1063 (9th Cir. 2007) (citing *Brown v. Valoff*, 422 F.3d 926, 936 (9th
12 Cir. 2005)). *See also Brown*, 422 F.3d at 943 n.18 (citing cases for the principle that when
13 prison officials fail to respond to a complaint, preventing a prisoner from pursuing his appeal
14 further, further administrative remedies are not "available" for exhaustion purposes). *Accord*
15 *Moore v. Bennette*, ___ F.3d ___, ___, 2008 WL 518189 (4th Cir., Feb. 28, 2008) ("[A]n
16 administrative remedy is not considered to have been available if a prisoner, through no fault
17 of his own, was prevented from availing himself of it.") (citations omitted).

18 Defendants argue, citing *Wright v. California*, 122 Cal.App.4th 659, 667 (Cal. App. 3
19 Dist., 2004), that if prison officials failed to process his 602 Complaint, his sole remedy was
20 to file a petition for writ of mandate in the state court. This argument fails for two reasons.
21 First, *Wright* stands for the proposition that a writ of mandate is a prisoner's remedy for
22 unreasonable <u>delay</u> in processing a complaint.  In this case, it is unclear whether Plaintiff's
23 602 Complaint was ever officially received or logged at all.  As the R&R correctly notes, the
24 records that might show this are in Defendants' control, yet they have not submitted them.
25 (R&R at 7:7–11.)    Second, "[s]ection 1997e(a) requires exhaustion of available
26 administrative, not judicial, remedies." *Thorns v. Ryan*, 2008 WL 544398, slip op. at *3
27 (S.D.Cal., Feb. 26, 2008) (rejecting the argument that, even if prison officials improperly
28 / / /

screened out plaintiff's grievance before it reached the third formal level of review, plaintiff's remedy was to seek a writ of mandate in state court).

This objection is therefore **OVERRULED**.

**IV.    Other Matters**

Defendants sought dismissal of the CDCR on immunity grounds. (Motion to Dismiss at 6:3–9.) Furthermore, the Court is required under 28 U.S.C. § 1915(e)(2) to dismiss a claim "at any time" to the extent it fails to state a claim or seeks monetary damages against a defendant immune from such relief. As a state agency, however, the CDCR is entitled to sovereign immunity under the Eleventh Amendment against claims for either damages or injunctive relief. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (citation omitted). All claims against the CDCR are therefore **DISMISSED**.

Page 5, line 11 of the R&R is modified to say that "defendants 'have the burden of raising and proving the absence of exhaustion.'" The Court **ADOPTS** the R&R as modified herein.

**IV.    Conclusion and Order**

As set forth in the R&R, as amended herein, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**:

1. All claims against the CDCR are **DISMISSED WITH PREJUDICE.**

2. Plaintiff's due process, equal protection, and First Amendment retaliation claims are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Eighth Amendment claims that Defendants transferred Plaintiff back into the general population in 2006 are **DISMISSED WITH PREJUDICE** for failure to exhaust. His remaining Eighth Amendment claims are **DISMISSED WITHOUT PREJUDICE**.

4. Except as noted, Defendants motion to dismiss for failure to exhaust is **DENIED WITHOUT PREJUDICE**.

5. Defendants' motion to dismiss because of their qualified immunity is **DENIED WITHOUT PREJUDICE**.

6. Because this order disposes of all claims in the Complaint, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

7. Defendants' requests for a hearing and for an order charging Plaintiff with a strike are **DENIED**.

1   8.   Plaintiff's request for judicial notice of 15 C.C.R. § 1 is **GRANTED**.

Although both parties have represented to the Court that Plaintiff needs leave to amend his complaint, a review of the docket shows Defendants never answered or filed a motion for summary judgment. The Court therefore notes Plaintiff was not required to seek leave to amend his complaint, because under Fed. R. Civ. P. 15(a)(1), he may do so once as a matter of right. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1158 (9th Cir. 2007) (citing *Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989)) (holding a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)).

For this reason, the Court **RECONSIDERS** and its order issued February 15, 2008 denying leave to amend, and **AMENDS** that order to **DENY AS MOOT** Plaintiff's motion for leave to supplement his complaint.

Plaintiff's Application is **GRANTED** to the extent he seeks leave to amend his complaint to add or clarify factual allegations in support of his claims. Plaintiff's request for judicial notice included in his Application is **DENIED AS MOOT**, because the Court need not rely on the authority he cites in order to grant his request.

Plaintiff is cautioned, if he chooses to file an amended complaint, it must be complete in itself without reference to any superseded pleading, and he is directed to review Civil Local Rule 15.1 and to comply with its requirements. Plaintiff is also cautioned that, should he add unexhausted or otherwise non-meritorious claims, which are subject to *sua sponte* dismissal under 28 U.S.C. § 1915(a).

If Plaintiff wishes to amend his complaint to correct the deficiencies identified in the R&R and in this order, he may do so no later than **30 calendar days** from the date this order is entered. **Plaintiff is cautioned that if he fails to amend his complaint within the time**

/ / /
/ / /
/ / /
/ / /
/ / /

1  **permitted to correct the deficiencies identified in this order, this action may be**
2  **dismissed with prejudice, without further notice to Plaintiff.**
3
4       **IT IS SO ORDERED**.
5  DATED: March 28, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge