# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAYMOND ANDREWS, CDC #t-67625,<br><br>         Plaintiff,<br> vs.<br><br>M.C. WHITMAN; G.J. JANDA; M.E. BOURLAND; T. OCHOA; C. BUTLER; W.C. ROBERTS; F. RUTLEDGE; CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>         Defendants. | CASE NO. 06cv2447-LAB (NLS)<br><br>**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH** |

On March 27, 2009, the Court issued an order that, among other things, dismissed Plaintiff's complaint without leave to amend. Plaintiff then filed a notice of appeal, and the Court of Appeals has issued some rulings. On June 11, 2010, Defendants moved *ex parte* for an order certifying the appeal was not taken in good faith, as provided under Fed. R. App. Proc. 24. Plaintiff was proceeding *in forma pauperis* and, pursuant to Fed. R. App. Proc. 24(a)(3), would be permitted to do so on appeal without further authorization unless this Court issues the requested certification. The notice of appeal identified no basis for the appeal, but merely attached the March 27, 2009 order and said Plaintiff wished to appeal.

Although the Court of Appeals has issued some rulings, Defendants point out its rulings have not touched on Plaintiff's *in forma pauperis* status, and Fed. R. App. Proc.

24(a)(e)(A) specifically provides for the district court's issuance of the requested order after the notice of appeal is filed. Plaintiff has filed no response to the *ex parte* motion.

The Court has reviewed the docket and pleadings, and its order of March 27, 2009 and agrees with Defendants that the appeal is not taken in good faith. Plaintiff's original complaint was dismissed on March 28, 2008. Some of Plaintiff's claims were brought against Defendants who are clearly immune and others were obviously deficient and were dismissed with prejudice, but Plaintiff was given leave to amend to correct deficiencies in the other claims. After amendment, however, all claims were dismissed without leave to amend. The only claims Plaintiff might have brought were not administratively exhausted, even though it is clear Plaintiff had administrative remedies available to him. Plaintiff's pleadings also made oblique references to other claims he wished to bring, but he never managed to explain the basis for those claims and even now has not done so.

For these reasons, and for other reasons set forth in the Court's orders of March 28, 2008 and March 27, 2009, the Court is unable to identify any non-frivolous basis for Plaintiff's appeal, and Plaintiff has never identified any. The Court therefore finds the appeal is not taken in good faith. *See Gardner v.* Pogue, 558 F.2d 548, 551 (holding the "good faith" requirement is met if an appellant seeks review of an issue that is not frivolous) (citing *Ellis v. United States*, 356 U.S. 674, 674 (1958)).

Defendants' motion is **GRANTED**. The Court certifies this appeal is not taken in good faith, without prejudice to any decision by the Court of Appeals regarding allowing Plaintiff to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

DATED: June 23, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge